## INHABITANTS OF ORLAND vs. INHABITANTS OF PENOBSCOT.

Hancock. Opinion December 4, 1902.

*Pauper Supplies. Private Charity. Subscription Paper. Motive of Donor. Belief of Pauper. R. S., c. 24, § 1, par. VI; § 2.*

Pauper supplies, whether received directly or indirectly by the pauper, must be received from the town as a result of the obligation imposed upon it by the statute.

Voluntary contributions of private charity do not constitute such supplies. The motive of the donors is not material. The consequences attach to the act, not to the motive. It is the receipt of supplies from the town, not the motive which may have inspired any person or persons to do away with the necessity of the pauper receiving relief from the town, which affects the gaining of a pauper settlement.

The belief of the pauper that the supplies were furnished by the town in response to his application is not sufficient. It is the fact that they are so furnished, and not his belief, which constitutes them pauper supplies.

On report. Judgment for defendant.

Assumpsit for pauper supplies furnished one Wallace Heath.

The case is fully stated in the opinion.

*O. F. Fellows,* for plaintiff.

The supplies sued for when received were supposed by the pauper to have been furnished by the town of Penobscot and he did not know to the contrary for more than two weeks thereafter.

In an opinion given to the Governor and Council in 1831, this court says: "A person is to be considered as a pauper while he receives supplies, as such, . . . . ." Opinion of Judges, 7 Maine, 497, 499.

The distress actually existed; the supplies were really furnished for his relief, and reached the pauper as a result of his application to the overseers of the town which he supposed supplied him.

The town of Penobscot did not pay for the supplies furnished through the agency of its overseers to this man; but adopted the method pursued with the design that the pauper might thereby gain a settlement in Orland.

Counsel cited: R. S., c. 24, § 1, par. I; *Foxcroft* v. *Corinth*, 61 Maine, 559; *Inhabitants of East Sudbury* v. *Inhabitants of Waltham*, 13 Mass. 459, 460.

*A. W. King*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Assumpsit for pauper supplies furnished Wallace Heath.

The only question presented is, whether the pauper had his settlement in the defendant town on Feb. 1, 1901, when the supplies were furnished. From the report we find the following facts. The pauper had a derivative settlement in Penobscot up to June 4, 1895, when he became of age. He resided in Orland from that time to the time when the supplies sued for were received, and thereby gained a settlement in the plaintiff town, unless that result was prevented by the receipt of pauper supplies from Penobscot in March, 1899. At that time he and his minor children were sick with scarlet fever, and in need of immediate relief. He directed his wife to make an application, in his behalf, to the town of Penobscot, for pauper supplies. She wrote an order, stating what was needed for their relief, and sent it to Mark Devereux, one of the overseers of the poor of Penobscot. Upon receipt of the order Mr. Devereux had a consultation with the father and the uncle of the pauper, which

resulted in a relative, Howard Heath, going around through the town of Penobscot with a subscription paper for the relief of the pauper. From thirty to thirty-five persons, or families, residents of Penobscot, contributed, signing a paper showing the amount contributed by each, and the same day the provisions, and some of the money thus raised, was left at the pauper's house, the balance being afterward expended by his father for his benefit. When the pauper received the supplies thus furnished he believed that they were pauper supplies from the town. In fact, the defendant town neither furnished nor paid for any of the supplies, nor were they furnished upon its credit. It was under no obligation, either express or implied, to reimburse the persons making the donation.

Upon this state of facts it is urged that the object of Mr. Devereux in originating this subscription, and of the residents of Penobscot who contributed to it, was that the gaining of a settlement by the pauper in Orland might not be interrupted or prevented by his receiving supplies before the expiration of the five years that he had his home in that town; that to permit it to have that result would be an evasion of the statute, and a fraud upon the town of Orland; and that the supplies were, indirectly at least, furnished by Penobscot.

The rights, duties, and obligations of towns in regard to the relief of paupers are created and defined by the statute. A person of age, having his home in a town for five successive years without receiving supplies as a pauper, directly or indirectly, has a settlement therein. R. S., c. 24, § 1, par. VI. The supplies, however, must be received from the town, whether received directly or indirectly. Otherwise they do not constitute pauper supplies. The indirect receipt by the pauper of supplies from the town is put upon the same basis, and has the same effect, as the direct receipt of them, but in either case they must be furnished by the town. Numerous instances of the indirect receipt of supplies may be found in the reports, and it is unnecessary to cite them here; but in every case it will be found that they came from the town, were paid for by the town, or were furnished upon its credit, and the town was under an express or implied obligation to pay for them. The voluntary contributions of private charity stand upon a far different footing, and have never

been confounded with the relief which is the result of the municipal obligation imposed by the statute. In *Canaan* v. *Bloomfield,* 3 Maine, 172, the supplies were furnished upon the written order of the selectmen, but by one not the drawee. It was held that, the town being under no legal obligation to pay for them, they were not furnished by the town within the meaning of the statute, and were not such supplies as affected the pauper's settlement. In the present case, if the pauper had called upon the town of Orland for relief, and the donation had been made by the residents of Orland instead of Penobscot, would anyone claim that a suit could have been maintained by the town of Orland to recover for the voluntary gifts of its individual citizens?

Neither is the motive of Mr. Devereux, or of the donors, material. The consequences attach to the act, not to the motive. It is the receipt of supplies from the town, not the motive which may have inspired any person or persons to do away with the necessity of the pauper receiving relief from the town, which affects the gaining of a settlement. "It is wholly immaterial" says Shaw, C. J., in *Oakham* v. *Sutton,* 13 Met. 197, "whether the overseers in affording relief to Simpson, intended to fix, or change, or in any way affect his settlement, that result is collateral to the act of furnishing relief, and does not depend upon the intent with which it was done, but upon the provisions of law giving effect to it." The same may be said of the belief of the pauper that the supplies were pauper supplies furnished by the defendant town. It is true that to constitute pauper supplies they must be either applied for, or received, with a full knowledge that they are such supplies. R. S., c. 24, § 2. The absence of such application or knowledge may prevent that being pauper supplies which would otherwise be such. But the application alone is not sufficient; belief that the supplies are furnished by the town is not sufficient; it is the fact that they are received from the town in accordance with the obligation imposed by the statute upon the municipality, and not from individuals as the voluntary offerings of private charity, which constitutes them pauper supplies.

*Judgment for defendant.*